## THE LURLINE.

### WETMORE v. HAWKINS.

(Circuit Court of Appeals, Second Circuit. 1892.)

No. 45.

ADMIRALTY APPEALS—NEW EVIDENCE—WHEN RECEIVED.

In an admiralty case the circuit court of appeals will, on motion, strike from the files depositions taken on appeal by a party who might easily have produced it in the trial court, and who was as well informed then as now as to its materiality and necessity.

Appeal from the District Court of the United States for the Eastern District of New York.

In Admiralty. Libel by John P. Hawkins against the yacht Lurline, (William B. Wetmore, claimant.) There was a decree for libelant, and the claimant appeals. Heard on motion of the claimant to strike from the files certain depositions taken by libelant on appeal. Granted.

An application subsequently made to the supreme court for a writ of mandamus to compel the judges of this court to receive and consider these depositions was denied. See 13 Sup. Ct. Rep. 512.

John Murray Mitchell, for appellant.

Geo. A. Black, for appellee.

Argued before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Motion granted, for the reason that the testimony taken on deposition in this court was available to libelant on the trial in the district court, witness and books being both present there; that it does not appear that he was prevented from presenting such testimony except by his own choice; that he was as well informed as to its materiality under the issues when he closed his case as he is now, and was expressly notified by respondent's motion to dismiss that the latter contended libelant's proof as to the amount of labor performed was insufficient.